# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

RONALD A. DAVIS,
            Appellant,

                    v.

DEPARTMENT OF THE AIR FORCE,
            Agency.

DOCKET NUMBER
DC-1221-17-0350-W-1

DATE: May 7, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Ronald A. Davis</u>, Baltimore, Maryland, pro se.

<u>Avis McAllister</u>, Esquire, Joint Base Andrews, Maryland, for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

## FINAL ORDER

The appellant has filed a petition for review of the initial decision that denied his request for corrective action in his individual right of action (IRA) appeal. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Because we find that the administrative judge erroneously found that the appellant made protected disclosures, we VACATE the initial decision and DENY the appellant's request for corrective action.

## BACKGROUND

The appellant worked for the agency as a Financial Management Specialist at Joint Base Andrews. Initial Appeal File (IAF), Tab 1 at 2. In June 2016, the appellant filed a complaint with the Office of Special Counsel (OSC) alleging that, in reprisal for making protected disclosures, the agency denied him opportunities for training in 2015 and did not select him for two positions in 2016. *Id.* at 8, 13-14. The disclosures included a September 15, 2014 email from the appellant to his second-level supervisor alleging that his first-level supervisor violated the Merit Systems Principles on September 12, 2014, when he said aloud in front of the office that the appellant had a work assignment due by 8 a.m. the following Monday. IAF, Tab 1 at 13-14, Tab 4 at 9-11. The second disclosure concerned an October 14, 2015 email from the appellant to his third-level supervisor claiming that his second-level supervisor violated his privacy rights by discussing his use of sick leave while on speaker phone with his team leader present. IAF, Tab 1 at 14, Tab 4 at 12-13. In December 2016, OSC closed the investigation into the appellant's complaint with no further action, and this IRA appeal to the Board followed. IAF, Tab 1 at 2-7, 20-22.

After finding jurisdiction over the appeal and holding a hearing, the administrative judge issued an initial decision denying the appellant's request for corrective action. IAF, Tab 40, Initial Decision (ID). The administrative judge concluded that the appellant met his burden of proving that he exhausted his administrative remedies with OSC, made protected whistleblowing disclosures when sending the emails to supervisors on September 15, 2014, and October 14, 2015, and such disclosures were a contributing factor in the agency's decisions to deny him training and not select him for the positions at issue. ID at 3-5. However, the administrative judge further found that the agency proved by clear and convincing evidence that it would have taken these actions against the appellant in the absence of his protected disclosures. ID at 5-10. The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 1. The agency has responded in opposition, and the appellant has filed a reply. PFR File, Tabs 4-5.

## ANALYSIS

In the absence of an action directly appealable to the Board, only allegations of protected disclosures and activity, along with personnel actions, that an appellant first raises and exhausts with OSC may be considered by the Board in an IRA appeal.[2] *See Rebstock Consolidation v. Department of Homeland Security*, 122 M.S.P.R. 661, ¶ 9 (2015); *Mason v. Department of Homeland Security*, 116 M.S.P.R. 135, ¶ 8 (2011). In order to prevail on the merits of an IRA appeal before the Board, an appellant must prove by preponderant evidence that he made a disclosure described under 5 U.S.C. § 2302(b)(8) or engaged in protected activity described under 5 U.S.C. § 2302(b) (9)(A)(i), (B), (C), or (D); and the disclosure or protected activity was a contributing factor in the agency's decision to take or fail to take a personnel action outlined in 5 U.S.C. § 2302(a)(2)(A). 5 U.S.C. § 1221(e); *Salerno v.*

---

[2] The appellant does not allege an action directly appealable to the Board in this appeal. *See* 5 U.S.C. §§ 4303, 7512.

*Department of the Interior*, 123 M.S.P.R. 230, ¶ 5 (2016). If this burden is met, the Board must order corrective action unless the agency establishes by clear and convincing evidence that it would have taken the same personnel action despite the appellant making the protected disclosure or engaging in the protected activity. 5 U.S.C. § 1221(e)(2); *Carr v. Social Security Administration*, 185 F.3d 1318, 1322-23 (Fed. Cir. 1999); *Aquino v. Department of Homeland Security*, 121 M.S.P.R. 35, ¶ 10 (2014).

<u>The administrative judge properly determined that the appellant exhausted his administrative remedies with OSC.</u>

In order for the Board to have jurisdiction over an IRA appeal, the appellant, amongst other requirements, must first prove by preponderant evidence that he exhausted his administrative remedies regarding the allegation with OSC. *Salerno*, 123 M.S.P.R. 230, ¶ 5; 5 C.F.R. § 1201.57(c)(1). The purpose of this exhaustion requirement is to give OSC "the opportunity to take corrective action before involving the Board in the case." *Ward v. Merit Systems Protection Board*, 981 F.2d 521, 526 (Fed. Cir. 1992). The Whistleblower Protection Enhancement Act of 2012 provides that, if OSC finds that there is a substantial likelihood that the information it received discloses a violation of the Act, it "shall transmit the information to the head of the agency involved for investigation and report . . . ." *Id.* (making this finding based on the same language in the prior Whistleblower Protection Act); *see* 5 U.S.C. § 1213(b), (c). These inquiries by OSC, and their transmittal to agencies for remedial action, are a major component of OSC's work. *Ward*, 981 F.2d at 526.

The Board may consider only those disclosures of information and personnel actions that the appellant raised before OSC. *Mason*, 116 M.S.P.R. 135, ¶ 8. To satisfy the exhaustion requirement, an appellant must provide to OSC a sufficient basis to pursue an investigation that might lead to corrective action. *Chambers v. Department of Homeland Security*, 2022 MSPB 8, ¶ 10. The test of the sufficiency of an appellant's charge of reprisal for whistleblowing to

OSC is the statement that he makes in the complaint requesting corrective action, not his post hoc characterization of those statements. *Id.*, ¶ 11. An appellant may demonstrate exhaustion through his initial OSC complaint, evidence that he amended the original complaint, including but not limited to OSC's preliminary determination letter and other letters from OSC referencing any amended allegations, and the appellant's written responses to OSC referencing the amended allegations. *Id.*

During the adjudication of this appeal before the administrative judge, and then again on review, the appellant made vague assertions that he included in his OSC complaint at issue other supposed protected activity, his perceived whistleblower status, and retaliatory personnel actions. IAF, Tab 19 at 4, 6; Hearing Compact Disc (HCD) 1 (testimony of the appellant); PFR File, Tab 1 at 15, 22, 24-25. However, as the administrative judge correctly determined, the appellant only proved that he exhausted administrative remedies with OSC prior to filing the instant IRA appeal regarding the emails that he sent his supervisors on September 15, 2014, and October 14, 2015, and the denial of training and nonselections as outlined above. IAF, Tab 18 at 2; ID at 3-4. As a result, the Board has no jurisdiction to consider any additional allegations of reprisal that the appellant puts forth in this appeal. *See Boechler v. Department of the Interior*, 109 M.S.P.R. 638, ¶ 13 (2008) (concluding that the Board lacked jurisdiction in an IRA appeal when the appellant failed to prove that he exhausted administrative remedies with OSC over the alleged claims), *aff'd*, 328 F. App'x. 660 (Fed. Cir. 2009) (Table).

The appellant failed to meet his burden of proving that he made a protected disclosure.

Protected whistleblowing takes place when an appellant makes a disclosure that he reasonably believes evidences a violation of law, rule, or regulation; gross mismanagement; a gross waste of funds; an abuse of authority; or a substantial and specific danger to public health and safety. 5 U.S.C. § 2302(b)(8)(A);

*DeLeonardo v. Equal Employment Opportunity Commission*, 103 M.S.P.R. 301, ¶ 6 (2006). The appellant need not prove that the condition disclosed actually established a violation of law, rule, or regulation; gross mismanagement of funds; a gross waste of funds; an abuse of authority; or a substantial and specific danger to public health or safety. *Peterson v. Department of Veterans Affairs*, 116 M.S.P.R. 113, ¶ 11 (2011). The test for determining whether the appellant had a reasonable belief that his disclosure was protected is whether a disinterested observer with knowledge of the essential facts, known to and readily ascertainable by the appellant, could reasonably conclude that the actions of the Government evidence one of the categories of wrongdoing noted above. *Id.*

*The appellant's first disclosure is not protected.*

The appellant claimed that the first disclosure, his September 15, 2014 email that he sent to his second-level supervisor, is protected because it identifies violations of the Merit System Principles codified at 5 U.S.C. § 2301. IAF, Tab 1 at 13-14, Tab 4 at 4, 9-11. According to the appellant, the supposed wrongdoing exposed is how his first-level supervisor acted unprofessionally and advised him loudly in the workplace of the due date of a single assignment tasked to him. IAF, Tab 1 at 13-14, Tab 4 at 4, 9-11. On the day in question, the appellant states that, as he was leaving the office for the week, his first-level supervisor said to him, "I want that report by 8 o'clock on Monday morning," then stated words to the effect of, "when we tell you something, you need to do it." IAF, Tab 4 at 10. The appellant was aware of what assignment was at issue and that it was indeed to be completed as informed. *Id.* at 9-11; HCD 1 (testimony of the appellant).

There is no evidence of any confidential personnel matter discussed in the presence of others. There was no criticism or critique of the appellant's work; rather, just a reminder of a due date and an axiomatic statement that, absent circumstances not present here, employees need to comply with supervisory instructions. IAF, Tab 4 at 10. It is the supervisor's responsibility to remind

employees of assignment due dates.[3]   The Merit System Principles outlined at 5 U.S.C. § 2301 set the general guidelines for Government agencies in the management of personnel, providing for the fair and equitable treatment of employees without regard to prohibited reasons, and setting other aspirational standards in areas such as recruitment, pay, retention, performance, and training. The supposed offense alleged by the appellant is at best only tangentially related to the standards set forth in section 2301.

The appellant certainly disagreed with his supervisor's handling of this situation.  At most, however, his purported disclosure involved his questioning of a management action that is merely debatable or nominally unprofessional.  It is well-settled that, with nothing more, disclosures of this type of behavior are not protected.  The whistleblower protection statutes were not intended to turn every failure to exercise perfect management behavior into the subject of a whistleblowing complaint.  *See Frederick v. Department of Justice*, 73 F.3d 349, 353 (Fed. Cir. 1996) (finding that, if supervisors fear that every trivial lapse in their own behavior will be the subject of a whistleblowing complaint, they will be deterred from performing their duties).  In sum, with his almost four decades of Government service, we find that the appellant could not have reasonably believed that he was exposing wrongdoing as defined in the whistleblower protection statutes when he advised his second-level supervisor that his first-level supervisor reminded him in front of others of the due date of an assignment tasked to him.

*The appellant's second disclosure is not protected.*

Moving to the other disclosure, in his October 14, 2015 email to his third-level supervisor, the appellant alleged that his second-level supervisor

---

[3] It is commonplace in the Federal government for employees within an office to have access to the deadlines of projects assigned to others.  For example, a case tracking system often readily indicates when briefs or other legal documents are due, and a project management application often shows when reports are due.

violated his privacy rights by discussing his use of sick leave while on speaker phone with his team leader present. IAF, Tab 1 at 14, Tab 4 at 4-5, 12-13. During this conversation, the appellant's second-level supervisor called the appellant in the appellant's team leader's presence to ascertain the appellant's duty status, as they were not aware that he was on sick leave.[4] IAF, Tab 4 at 12-13. After the appellant informed his second-level supervisor that he was out for the day, the second-level supervisor asked if the appellant planned to be at work the following day and then instructed the appellant to inform the office of his absence. *Id*.

There is no evidence that the appellant's second-level supervisor discussed any confidential health or personnel matters on this call. While an employee might have a privacy interest in not having his usage of sick leave shared with those without a need to know, as the appellant conceded, his supervisors and team leader bore the responsibility to know his work status. HCD 1 (testimony of the appellant). The appellant also testified that he was pleased with how the office procedures changed shortly after this incident because employees now have to notify their team leader when they are requesting sick leave, which weighs against him reasonably believing that it was improper for his supervisor to discuss his use of sick leave in the presence of his team leader. *Id*. Thus, we find that the appellant did not reasonably believe that he disclosed a violation of law, rule, or regulation; gross mismanagement; a gross waste of funds; an abuse of authority; or a substantial and specific danger to public health and safety.

For the forgoing reasons, the appellant's disclosures at issue in this appeal were not protected, meaning his request for corrective action must be denied on these grounds. *See Kleckner v. Department of Veterans Affairs*, 96 M.S.P.R. 331, ¶ 7 (2004) (denying the appellant's request for corrective action in his IRA appeal, as he did not prove by preponderant evidence that his disclosures were

---

[4] Although the conversation took place on a speaker phone, there is no specific allegation that another employee overheard the conversation.

protected). As such, we need not determine whether the appellant met his burden of proving that such disclosures were a contributing factor to the contested personnel actions or whether the agency proved by clear and convincing evidence that it would have made the same decisions in the absence of the disclosures. *See Harvey v. Department of the Navy*, 92 M.S.P.R. 51, ¶ 5 n.3 (2002) (holding that, because the appellant did not prove his prima facie case of whistleblower reprisal, there was no need to determine whether the agency met its clear and convincing standard).

<u>The appellant failed to raise any other basis to grant his petition for review.</u>

On review, the appellant alleges that the administrative judge committed various errors, such as denying his motions to compel and to sanction the agency for not complying with discovery, unduly denying his request for witnesses to testify at hearing, and acting inappropriately during the hearing. PFR File, Tab 1 at 4-6, 19-22. However, the purported rulings and evidence that the appellant claims that he would have gained from his motions being granted and witnesses approved have no impact on the dispositive finding that he failed to make a protected disclosure. Notwithstanding, we have reviewed the record and conclude that the denial of the appellant's discovery-related motions was not an error or abuse of discretion by the administrative judge. *See Vores v. Department of the Army*, 109 M.S.P.R. 191, ¶ 14 (2008) (stating that administrative judges have broad discretion in regulating discovery and, absent a showing of an abuse of discretion, the Board will not find reversible error), *aff'd*, 324 F. App'x. 883 (Fed. Cir. 2009). Further, the denial of a number of the appellant's requested witnesses on relevance grounds was appropriate.[5] *See Miller v. Department of Defense,* 85 M.S.P.R. 310, ¶ 8 (2000) (outlining how an administrative judge has wide discretion to control the proceedings, including authority to exclude

---

[5] The administrative judge did approve six of the appellant's requested witnesses to testify at the hearing. IAF, Tab 28 at 2.

testimony she believes would be irrelevant or immaterial). Additionally, we see no indication that the administrative judge acted improperly during the hearing.

Similarly, the appellant's arguments on review regarding supposed errors in the administrative judge's credibility determinations and analysis of the agency's actions under the *Carr* factors need not be addressed further, as they are unrelated to the overall conclusion that the appellant's request for corrective action must be denied due to his failure to make a protected disclosure. PFR File, Tab 1 at 6-19, 23-24; *see, e.g., Cole v. Department of Veterans Affairs*, 77 M.S.P.R. 434, 439 (1998) (holding that a remand was unnecessary, as the issues to be adjudicated by the Board on review did not require credibility determinations); *see also Buckler v. Federal Retirement Thrift Investment Board*, 73 M.S.P.R. 476, 496 (1997) (holding that, because the appellant did not meet each of his merit requirements, no consideration was necessary as to whether the agency showed by clear and convincing evidence that it would have taken the same action despite the appellant's protected disclosure).

## NOTICE OF APPEAL RIGHTS[6]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all

---

[6] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) <u>Judicial review in general</u>**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2)** **Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[7]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

---

[7] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:          _____

*Gina K. Grippando*

Gina K. Grippando
Clerk of the Board

Washington, D.C.